[Civ. No. 3526.   Third Appellate District.—May 15, 1928.]

THOMAS R. LOCKHART Appellant, v. SOUTHERN
PACIFIC COMPANY (a Corporation), Respondent.

Charles R. Rollinson for Appellant.

W. I. Gilbert for Respondent.

FINCH, P. J.—The complaint alleges:

"That at all of the times in this complaint mentioned, defendant company has been and now is a foreign corporation, conducting an interstate commerce business in the state of California and for the purpose of this complaint, in the county of Los Angeles, therein engaged in the business of a common carrier.

"That on April 14th, 1924, at the hour of 10:45 P. M. on said day, at the Southern Pacific Company Shop Yards in the City of, and County of, Los Angeles, State of California, the plaintiff herein, Thomas R. Lockhart, was in charge of an engine crew at that time and place."

The complaint then alleges that while in the discharge of his alleged duties the plaintiff was injured through the negligence of the defendant.

The answer admits the allegations of the complaint herein quoted, denies the alleged negligence and injuries, and then alleges:

"Further answering, by way of separate defense, the defendant alleges that at the time and place of the accident the defendant was then and there engaged in intrastate commerce, and that the Superior Court of the State of California is entirely without jurisdiction to appear or to try said cause, and that the same can be heard only by the Industrial Accident Commission of the State of California."

At the close of plaintiff's case the court entered a judgment of nonsuit on motion of the defendant. This appeal is from the judgment. ■ The only material question raised by the appeal is whether the plaintiff was employed in interstate commerce at the time of the alleged injury.

The evidence shows that he was in charge of a yard switch-engine; that his duties were to take cars in need of repairs "into the repair yard" and, after they had been repaired, to place them "on other tracks where they might be cut back into use"; that immediately before the accident he had taken about seventeen cars from the repair yard and had left them on a track outside such yard, all of the cars being "empties except one car of poles for San Pedro";

and that the alleged injuries were sustained on the return trip after so placing the cars. None of the witnesses knew where any of these cars had been used or the use intended to be made of them, except that one car, loaded with poles, was to go to San Pedro.

While the complaint alleges that the defendant was "conducting an interstate commerce business" and "engaged in the business of a common carrier," it is not alleged that the work in which the plaintiff was engaged when injured was connected with interstate commerce. "From the mere fact that a railroad company is an interstate, as well as an an intrastate, public carrier of freight and passengers, and therefore is engaged in interstate commerce, it does not follow that the work in which its servant was engaged when killed or injured was interstate commerce." (12 C. J. 44.)

If it had been shown that the cars in question were generally used in interstate commerce it might be argued logically that plaintiff's work was so connected with the repair of the cars as to be of an interstate character. "An employee performing repair work or other work in connection with an engine, car, or other similar instrumentality habitually used in interstate commerce is entitled to the benefit of the provisions of the act, although at the time the instrumentality is temporarily at rest or out of service, or is not being put to the particular use for which it was designed, . . . Where repair work is a part of interstate commerce, all minor tasks which form a part of the larger one are likewise interstate commerce so as to make a person engaging in them engaged in interstate commerce." (12 C. J. 47.) Here the evidence not only fails to show that the cars in question were habitually used in interstate commerce, but it does not appear that they were ever so used.

The burden was on the plaintiff to allege and prove that at the very time and place of the accident the defendant was engaged in interstate commerce. (*Johnson* v. *Southern Pacific Co.*, 199 Cal. 126, 131 [49 A. L. R. 1323, 248 Pac. 501].) It is clear that he was not relieved of the burden of establishing that fact by his failure to allege it or by defendant's allegation that it was then and there engaged in intrastate commerce. The admission in the answer of the allegations contained in the first paragraph of the

complaint is not an admission that the particular work in which the plaintiff was engaged at the time of the accident was interstate in character. The defendant is always engaged in both interstate and intrastate commerce. While the allegation in the answer, that "at the time and place of the accident the defendant was then and there engaged in intrastate commerce," may have cured the defect in the complaint resulting from the plaintiff's failure to allege that the defendant was then and there engaged in interstate commerce, it did not shift the burden of proof on this necessary element of his cause of action. Such allegation in the answer does not constitute an affirmative defense, but is in effect the denial of a fact necessary for the plaintiff to establish, but which he failed to allege.

Appellant contends that, whether the work in which he was engaged at the time of the accident was interstate or intrastate, he is entitled to maintain this action on the ground that the accident was caused by the gross negligence of the defendant, citing *Helme* v. *Great Western Milling Co.*, 43 Cal. App. 416 [185 Pac. 510]. The decision in that case was based on the provisions of subdivision b of section 12 of the Workmen's Compensation, Insurance and Safety Act of 1913 [Stats. 1913, p. 279], providing that in a case of gross negligence of an employer an injured employee might, at his option, maintain an action in court for damages or apply to the Industrial Accident Commission for compensation for the injury. Those provisions were omitted from the act of 1917 (Stats. 1917, p. 831), and, therefore, the case cited is inapplicable. It may be stated further that gross negligence was neither alleged nor proved in this case.

Appellant complains of several rulings made by the trial court. The plaintiff was then asked: "Where were those empties from, if you know? . . . Did you notice any of those cars as to whether they all belonged to the Southern Pacific?" The defendant's objections to these questions were sustained. The plaintiff suffered no prejudice by reason of the rulings, however, because he was permitted, at a later stage of the trial, to testify relative to the subject matter of the injury and then testified that he did not know where the cars came from or "whether or not any of those cars on the last cut were from any other road besides the

Southern Pacific.'' The other rulings of which complaint is made are so clearly correct that a discussion thereof is deemed unnecessary.

The judgment is affirmed.

Bartlett, J., *pro tem.*, and Plummer, J., concurred.